# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MED-SYSTEMS, INC., | CASE NO. 11CV695 JLS (BLM) |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| vs. | |
| MASTERSON MARKETING, INC., | (ECF No. 18) |
| Defendant. | |

Presently before the Court is Defendant Masterson Marketing, Inc.'s ("Masterson") motion for judgment on the pleadings. (Mot. J. on Pleadings, ECF No. 18). Also before the Court is Plaintiff Med-Systems, Inc. ("Med-Systems") and Counter-Defendants David Gallo ("Gallo") and Rite Aid Corporation's ("Rite Aid") opposition, (Resp. in Opp'n, ECF No. 22), and Masterson's reply, (Reply in Supp., ECF No. 25). The motion hearing set for October 13, 2011, is **HEREBY VACATED**, and the matter is taken under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons stated below, the Court **DENIES** Masterson's motion for judgment on the pleadings.

//
//
//
//

# BACKGROUND

Med-Systems distributes and sells "medical products and devices used to open and irrigate nasal passages sold under the trademark SinuCleanse." (Compl. ¶ 10, ECF No. 1) Gallo is the CEO of Med-Systems, responsible for its day-to-day operations. (Countercl. ¶ 14, ECF No. 7) In 2007, Med-Systems hired Masterson, an advertising and marketing company, "to develop new packaging for the SinuCleanse brand." (Compl. ¶ 14, ECF No. 1) Given the parties' apparent disagreement as to whether Masterson has a "copyrightable interest in the photographs of Med-Systems' Sin[u]Cleanse products, or in the packaging or advertising of these products," and whether "Med-Systems has the right to use these photographs and product packaging free of any claims of defendant," Med-Systems filed a complaint seeking declaratory relief and other claims against Masterson, (*Id.* ¶ 32), and Masterson filed an answer and counterclaim for copyright infringement against Med-Systems, Gallo, and Rite Aid, (Countercl., ECF No. 7).

On June 23, 2011, Defendant Masterson filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff Med-Systems and Defendants Gallo and Rite Aid filed an opposition on July 15, 2011, (Resp. in Opp'n, ECF No. 22), and Masterson filed its reply on July 20, 2011 (Reply in Supp., ECF No. 25).

# LEGAL STANDARD

"After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings attacks the legal sufficiency of the claims alleged in the complaint. *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). The Court must construe "all material allegations of the non-moving party as contained in the pleadings as true, and [construe] the pleadings in the light most favorable to the [non-moving] party." *Doyle v. Raley's Inc.*, 158 F.3d 1012, 1014 (9th Cir. 1998). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

//

## ANALYSIS

A motion for judgment on the pleadings may be made at any time "after the pleadings are closed." Fed. R. Civ. P. 12(c). Federal Rule of Civil Procedure 7 "defines what filings are considered pleadings and declares which pleadings shall be filed with the district court." *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005). Rule 7 provides:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer if a third-party complaint is served. No other pleading shall be allowed except that a court may order a reply to an answer or a third-party answer.

Fed. R. Civ. P. 7(a). "Thus, the pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming . . . that no counterclaim or cross-claim is made." *Doe*, 419 F.3d at 1061 (citing Fed. R. Civ. P. 12(c); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 (3d ed. 2004)). Where a counterclaim is interposed, the filing of a reply to the counterclaim marks the close of proceedings. WRIGHT & ARTHUR, § 1367; *see also Edelman v. Locker*, 6 F.R.D. 272, 274 (D. Pa. 1946) ("Under Rule 7(a) where the answer contains a counterclaim denominated as such, a reply by the plaintiff is mandatory, and, until the reply is filed, the pleadings are not closed." (footnote omitted)).

Masterson's motion for judgment on the pleadings was filed before Med-Systems, Gallo, or Rite Aid filed a reply to Masterson's counterclaims. Accordingly, Masterson's motion was premature, and this Court therefore **DENIES** Masterson's motion for judgment on the pleadings as untimely.

Some courts have construed premature Rule 12(c) motions as Rule 12(b)(6) motions for failure to state a claim upon which relief can be granted. *See, e.g.*, *Geltman v. Verity*, 716 F.Supp. 491 (D. Colo. 1989) ("[A] motion for judgment on the pleadings filed before the answer may be treated as a motion to dismiss." (citation omitted)). Even if the Court construes Masterson's motion as a motion to dismiss for failure to state a claim, however, the motion must be denied. Under Rule 12, "[a] motion asserting [a 12(b)(6) defense for failure to state a claim upon which relief can be granted] must be made before pleading, if responsive pleading is allowed." Fed. R. Civ. P. 12(b). Here, Masterson filed an answer to Med-System's complaint prior to filing the

instant motion. As such, a motion pursuant to Rule 12(b)(6) at this stage is untimely. "An untimely motion to dismiss is treated as a motion for judgment on the pleadings." *Xerox Corp. v. Apple Computer, Inc.*, 734 F.Supp. 1542, 1543 (N.D. Cal. 1990) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980)). As discussed above, however, such a motion must be denied as premature.

## CONCLUSION

Thus, whether treated as a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings, Masterson's motion must be **DENIED**.

**IT IS SO ORDERED.**

DATED: October 7, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge