# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MED-SYSTEMS, INC.,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>MASTERSON MARKETING, INC.,<br><br>　　　　　　　　　　Defendant. | CASE NO. 11CV695 JLS (BLM)<br><br>**ORDER DENYING COUNTER-DEFENDANT GALLO'S MOTION TO DISMISS**<br><br>(ECF No. 34) |

　　　　Presently before the Court is Counter-Defendant David Gallo's ("Gallo") motion to dismiss Defendant Masterson Marketing, Inc.'s ("Masterson") counterclaim. (Mot. to Dismiss, ECF No. 34) Also before the Court are Masterson's opposition, (Resp. in Opp'n, ECF No. 43), and Gallo's reply, (Reply in Supp., ECF No. 45). The hearing set for the motion on February 23, 2012, was vacated, and the matter taken under submission on the papers. Having considered the parties' arguments and the law, the Court **DENIES** Gallo's motion.

　　　　This Order incorporates by reference the relevant factual and procedural background, as well as the legal standard on a motion to dismiss, as set forth in the Court's prior Order granting in part and denying in part Med-Systems, Inc. ("Med-Systems") and Gallo's motion to dismiss. (Order, Nov. 23, 2011, at 2–4, ECF No. 28) Relevant here, in that Order the Court granted Gallo's motion to dismiss Masterson's contributory copyright infringement claim. Specifically, the Court found that although Masterson had "alleged sufficient facts to demonstrate that Gallo had knowledge that Med-Systems' display and use of the copyrighted images was an infringing activity," (*id.* at 10), it had not "alleged sufficient facts to show that Gallo induced or materially contributed to the infringing conduct," (*id.* at 11). Thus, the Court held that Masterson had not stated a claim against Gallo for contributory copyright infringement.

Following the Court's Order, Masterson filed a First Amended Counterclaim ("FACC"). (FACC, ECF No. 30) Med-Systems and Rite Aid Corporation ("Rite Aid") filed answers on December 27, 2011, (Med-Systems Answer, ECF No. 32); (Rite Aid Answer, ECF No. 33), and Gallo filed the instant motion to dismiss on the same day, (Mot. to Dismiss, ECF No. 34).

Gallo moves to dismiss Masterson's counterclaim, arguing that "Masterson does not allege facts to support a claim of direct, contributory or vicarious copyright infringement as to Counter-Defendant David Gallo." (Mot. to Dismiss 1, ECF No. 34) Gallo not only moves to dismiss claims that Masterson has not alleged against Gallo—namely, the direct and vicarious copyright infringement claims[1]—but he also submits to the Court an almost verbatim copy of his prior motion to dismiss, despite the fact that the Court has already ruled on several of the issues presented. *Compare* (*Id.*), *with* (Mot. to Dismiss, ECF No. 13). The Court will address only those arguments pertinent to the FACC, and will adopt the relevant holdings of the prior Order here. *See Milgard Tempering v. Selar Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990) (law of the case doctrine).

The only claim asserted in the FACC against Gallo alleges that he is liable for contributory copyright infringement due to his knowledge and authorization of the infringing use of Masterson's copyrighted works. (FACC ¶¶ 58–77, ECF No. 30) A party may be liable for contributory copyright infringement if it "(1) has knowledge of a third party's infringing activity, and (2) 'induces, causes, or materially contributes to the infringing conduct.'" *Perfect 10, Inc. v.*

---

[1] Masterson affirms that the FACC asserts only a claim for contributory copyright infringement against Gallo. (Resp. in Opp'n 4 n.2, ECF No. 43) Gallo acknowledges this fact in his reply brief. (Reply in Supp. 7, ECF No. 45)

Gallo also moves to dismiss on the basis that the FACC "presents no basis for holding Gallo personally liable for the conduct allegedly perpetrated by his company, Med-Systems," because there is no basis for alter ego liability. (Mot. to Dismiss 7, ECF No. 34) The FACC does not allege alter ego liability, however, and Gallo "acknowledges a corporate officer or director may be found personally liable for infringement, but only for infringing acts which he authorizes or directs, or in which he participates as an individual." (*id.* at 8) The Court agrees that Masterson need not establish alter ego liability in order to hold Gallo personally liable for contributory infringement, and declines to address Gallo's alter ego argument here. *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1578–79 (Fed. Cir. 1986) (stating, in the patent context, that "it is well settled that corporate officers who actively aid and abet their corporation's infringement may be personally liable for inducing infringement . . . regardless of whether the corporation is the alter ego of the corporate officer"); *see also Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 439 (1984) (indicating that it is "appropriate to refer [to patent law cases] because of the historic kinship between patent law and copyright law").

*Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007) (quoting *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004)). Because the Court already determined that Masterson alleged sufficient facts as to the knowledge element, (Order, Nov. 23, 2011, at 10, ECF No. 28), the Court discusses only the inducement element here.

To satisfy the inducement element, Masterson must allege facts showing that Gallo took "affirmative steps . . . to foster infringement." *Perfect 10*, 494 F.3d at 800 (quoting *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936–37 (2005)). In order to "materially contribute," Gallo must have a "direct connection to that infringement." *Id.* at 796.

Here, the FACC supplements the bare assertions of Masterson's original counterclaim with numerous allegations regarding Gallo's involvement in directing the infringing use of the copyrighted photos. (*See* FACC ¶¶ 64–73, ECF No. 30) Specifically, Masterson alleges that Gallo personally ordered or instructed employees to order the production and distribution of packaging, instruction sheets, and coupons covered by Masterson's copyrighted images after the expiration of the licensed use of those images. (*Id.* ¶¶ 64–65) Gallo also allegedly approved the unauthorized display of Masterson's copyrighted images on various websites, and distributed the copyrighted images to third-party retailers to display on their websites. (*Id.* ¶¶ 66–68, 72–73) The Court finds that these allegations are sufficient to satisfy the inducement element.[2]

Accordingly, for the reasons stated above, the Court finds that Masterson has stated a claim for contributory infringement against Gallo. Gallo's motion to dismiss is therefore **DENIED**, and Gallo **SHALL FILE** an answer to the FACC within twenty-one days of the date this Order is electronically docketed.

**IT IS SO ORDERED**.

DATED: April 10, 2012

Honorable Janis L. Sammartino
United States District Judge

---

[2] Gallo contends that Masterson has "fabricated these allegations with no supporting facts in an attempt to meet its pleading requirement." (Mot. to Dismiss 9, ECF No. 34) Gallo is well aware of the legal standard on a motion to dismiss, requiring the Court to accept as true the allegations of the counterclaims. *Iqbal*, 129 S. Ct. at 1949. Masterson's allegations are more than mere legal conclusions and, taken as true, "allow[] the court to draw the reasonable inference that [Gallo] is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).